UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
                                              :
RH9 GROUP, LLC and GRANDS CAPITAL  :
NY LLC,                                              :
                                              :
                               Plaintiffs,  :         22-CV-9399 (VSB)
                                              :
                - against -               :         **OPINION & ORDER**
                                              :
ALON ZAKAIM FINE ART LIMITED and  :
THOMAS GIBSON FINE ART LIMITED,  :
                                              :
                                  Defendants.  :
                                              :
-------------------------------------------------------- X

Appearances:

Judd Benjamin Grossman
Webster Dean McBride
Grossman LLP
New York, NY
*Counsel for Plaintiffs*

Ronald Wolf Adelman
John Robert Cahill
ARTxLAW PLLC
Kingston, NY

Jake Tyler Goldstein
Wilk Auslander LLP
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Defendants move to dismiss Plaintiffs' action for a declaratory judgment and replevin relating to a Chagall painting. For the reasons that follow, the motion is DENIED as to the replevin action, and GRANTED as to Plaintiffs' request for a declaratory judgment.

I. **Factual Background**[1]

Plaintiffs RH9 Group, LLC and Grands Capital NY, LLC are art dealers in New York. (Doc. 1-1 ("Compl.") ¶ 17.) In September 2017, Plaintiffs purchased a Marc Chagall painting in a transaction brokered by the Chowaiki Gallery, which is not a party to this action. (*Id*.) Plaintiffs never received the painting. (*See id*. ¶ 3.)

The Chowaiki Gallery filed for bankruptcy in November 2017. (*See* Bankr. Doc. 1.[2]) Shortly thereafter, in December 2017, non-party Ezra Chowaiki—the gallery's proprietor—was arrested on federal wire fraud charges. (*See* Compl. ¶ 21; Cr. Doc. 1.[3]) Chowaiki defrauded several customers across multiple art transactions, he pled guilty to committing wire fraud, and completed an 18-month sentence in federal prison. (Compl. ¶ 22; Cr. Doc. 76.)

Chowaiki's fraud principally involved selling the same painting many times over, usually keeping the artwork and the proceeds for himself. (Cr. Doc. 1 ¶ 9.) Here, after Plaintiffs wired the money to Chowaiki for the Chagall, they repeatedly asked him (to no avail) when they would receive the painting. (Cr. Doc. 1 ¶ 17.) The owner of an art gallery in London eventually told Plaintiffs that Chowaiki sold the Chagall to the London gallery, and that it then resold the Chagall to a collector. (*Id*.)

---

[1] The facts in this section are drawn from the complaint, documents attached to it or incorporated by reference, and the pleadings and decisions of prior lawsuits. I assume the factual allegations in the complaint to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). My recitation of the facts are not factual findings and should not be construed as such. The parties do not dispute that I may consider this information in deciding the motion to dismiss. *See Anderson v. Rochester–Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003). (*See* Doc. 14 at 7–8; Doc. 19 at 3–9).

[2] Record citations to "Bankr. Doc." refer to documents filed in *In re Chowaiki & Co. Fine Art Ltd.*, No. 17-13228 (Bankr. S.D.N.Y.).

[3] Record citations to "Cr. Doc." refer to documents filed in *United States v. Chowaiki*, No. 18-CR-323 (S.D.N.Y.).

2

In this action, Plaintiffs allege that Defendants Alon Zakaim Fine Art Limited ("AZFA") and Thomas Gibson Fine Art Limited ("TGFA") comprise the London gallery, and that Defendants continue to retain possession of the Chagall. (Compl. ¶¶ 3, 71.)

## II. Procedural History

### A. *Prior Actions*

As the Chagall was one of the Chowaiki Gallery's assets, the bankruptcy court resolved competing claims to it. (*See* Bankr. Doc. 57; Compl. ¶ 25.) Plaintiffs filed a claim on the Chagall, and the bankruptcy court approved settlements waiving the rights in the painting of a competing private claimant, (Bankr. Docs. 173, 188), and the bankruptcy trustee, (Bankr. Docs. 190, 195). Defendants appeared as creditors in the bankruptcy proceeding, filing statements of no objection to the Chagall settlements. (Bankr. Docs. 180, 193; Compl. ¶ 31 ("Defendant [AZFA], acting in concert with Defendant [TGFA], appeared in the Bankruptcy Proceedings . . .".) Plaintiffs allege that in this proceeding, with representatives of Defendants present, the bankruptcy court resolved claims to the Chagall in Plaintiffs' favor. (*See* Compl. ¶¶ 33, 37.)

Meanwhile, forfeiture proceedings were underway before Judge Jed Rakoff as part of Chowaiki's criminal case. (*See* Cr. Doc. 19 (preliminary forfeiture order).) Plaintiffs, the competing private claimant, and the bankruptcy trustee each filed forfeiture claims to the Chagall. (Cr. Docs. 35, 40, 60.) Following the bankruptcy settlements, Judge Rakoff approved a stipulated order resolving the forfeiture claim to the Chagall in Plaintiffs' favor. (Cr. Doc. 126.) Specifically, the order stated that "the United States hereby recognizes [Plaintiffs]' superior right, title and interest in the Chagall." (*Id.*) Judge Rakoff entered a final order of forfeiture on

November 7, 2019, noting that the United States would not seek forfeiture of the Chagall. (Cr. Doc. 127.)

### B. *This Action*

On August 30, 2022, Plaintiffs filed the instant complaint in the New York State Supreme Court, New York County. (*See* Compl.) Plaintiffs assert two claims: one for a declaratory judgment that they are the sole owners of the Chagall, (*id*. ¶¶ 55–67), and one for replevin "to recover sole and immediate possession" of the Chagall, (*id*. ¶¶ 68–74).

On November 2, 2022, Defendants removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332(a). (*See* Doc. 1.) Plaintiffs appeared on November 17, 2022. (Docs. 8–9.) On November 29, 2022, Defendants filed a motion to dismiss the complaint, (Doc. 13), an accompanying memorandum of law, (Doc. 14 ("Mem.")), and exhibits in support, (Doc. 15). On January 19, 2023, Plaintiffs filed an opposition brief, (Doc. 19 ("Opp'n")), and supporting documentation, (Docs. 19-1–19-48). Defendants replied on February 27, 2023, (Doc. 27), and filed an accompanying affidavit with exhibits, (Doc. 26). Defendants filed an amended reply on February 28, 2023, which I treat as the operative brief. (Doc. 28 ("Reply").) On March 1, 2023, Plaintiffs filed a letter sur-reply, (Doc. 29), to which Defendants responded the same day, (Doc. 30). Plaintiffs filed a second letter and declaration on March 5, 2023, (Doc. 31); Defendants responded the next day, (Doc. 32).

### III. Legal Standard

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). "A motion to dismiss is designed to test the legal sufficiency of the complaint." *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 69 (2d Cir. 1996) (internal quotation marks omitted). To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that

4

is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court takes the well-pled facts in the complaint as true, draws all reasonable inferences in the plaintiff's favor, and ignores any "legal conclusions" among the factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal is proper when "the allegations in a complaint, however true, could not raise a claim of entitlement to relief" as a matter of law. *Twombly*, 550 U.S. at 558.

The scope of my review of a Rule 12(b)(6) motion includes the complaint and any written document that is (1) "attached to it as an exhibit," (2) "incorporated in it by reference," or (3) "integral to the complaint." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 59–60 (S.D.N.Y. 2010) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002)). I also may take judicial notice of the pleadings and decisions of prior related lawsuits in deciding the motion. *See Gertskis v. U.S. E.E.O.C.*, No. 11-CV-5830, 2013 WL 1148924, at *1 (S.D.N.Y. Mar. 20, 2013) (citing *Anderson v. Rochester–Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003)). However, I may not consider exhibits submitted in the prior actions in deciding the motion to dismiss. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 560 (2d Cir. 2016).

**IV.     Discussion**

Having reviewed the various papers submitted by the parties, I find that Plaintiffs state a claim for replevin, but are not entitled to a declaratory judgment. Before addressing Plaintiffs' substantive claims, I address a preliminary matter that the parties vigorously dispute: whether the complaint alleges that the Defendants possess the Chagall.

### A.  *Defendants' Possession of the Chagall*

Defendants argue that it is "undisputed" that they no longer possess the Chagall. (Mem. at 1.) Specifically, Defendants assert that they purchased interests in the Chagall from Chowaiki in July 2017, received the Chagall from Chowaiki in September 2017, and shipped the Chagall to

5

a purchaser in Switzerland the same month. (*Id*.) Some of Defendants' substantive legal arguments rest on these asserted facts. (*See id*. at 8–14.)

Defendants' assertion that they do not possess the Chagall is irrelevant at this stage of the litigation. On a motion to dismiss, the question for the court is whether—assuming the truth of the plausible allegations in the complaint and drawing reasonably inferences in the plaintiff's favor—the pleadings state a claim for relief. *See, e.g., Iqbal*, 556 U.S. at 678. Plaintiffs' complaint states that "Defendants have refused to return" the Chagall, (Compl. ¶ 3), and that "Defendants wrongfully obtained and retained possession of the Painting," (*id*. ¶ 71). Indeed, Defendants "acknowledge" that the complaint "technically alleges that Defendants are in possession of the Painting." (Mem. at 11 n.2.) Thus, a premise of the complaint is that Defendants possess the Chagall, and I assume that premise in resolving the motion to dismiss.

Defendants argue that I should nonetheless disregard the complaint because of exhibits submitted in connection with the bankruptcy petition and the bankruptcy settlement of Plaintiffs' claim to the Chagall. (*Id*. at 1, 9.) The exhibits are not materials of which I may take judicial notice, and the complaint does not rely on their terms or effect, so I may not consider them. *See Goel*, 820 F.3d at 558–60 (explaining that a district court errs when it relies on extrinsic documents, including exhibits in prior lawsuits, when deciding a motion to dismiss). Although I may take judicial notice of the bankruptcy settlement agreement because it is an order, *see Gertskis*, 2013 WL 1148924, at *1 (citations omitted), I may only do so "to establish the fact of such litigations and related filings, not for the truth of the matter[s] asserted" within them, *Grayson v. Ressler & Ressler*, 271 F. Supp. 3d 501, 517 (S.D.N.Y. 2017). In any event, even examining the settlement agreement, it states only that Defendants "advised" the bankruptcy trustee that they had received and later sold the Chagall, (Bankr. Doc. 190-1 at 4–5). By signing

6

this agreement, Plaintiffs agreed that Defendants claimed to have sold the Chagall; however, Plaintiffs did not agree that Defendants had in fact sold the Chagall and relinquished possession.[4] These arguments fail.  For purposes of this motion, I accept Plaintiffs' allegation that Defendants are in possession of the Chagall.

### B.  *Replevin*

I next address Plaintiffs' claim for replevin.  Under New York law, "[r]eplevin is a remedy employed to recover specific, identifiable items of personal property." *TAP Manutenção e Engenharia Brasil S.A. v. Int'l Aerospace Grp., Corp.*, 127 F. Supp. 3d 202, 211 (S.D.N.Y. 2015) (quoting *Heckl v. Walsh*, 996 N.Y.S.2d 413, 415 (4th Dep't 2014)).  To state a replevin claim against a good-faith possessor, a plaintiff must plead (1) that the defendant possesses or did possess certain property, (2) that it "ha[s] a superior right" in that property, and (3) that the defendant refused the demand to return the property.  *Id*. (quoting *SE Fin., LLC v. Broadway Towing, Inc.*, 984 N.Y.S.2d 606, 607 (2d Dep't 2014)); *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 456 (S.D.N.Y. 2014) (citing *Solomon R. Guggenheim Found. v. Lubell*, 550 N.Y.S. 2d 618, 620 (1990), *aff'd*, 77 N.Y.2d 311, 569 N.E.2d 426 (1991)).

The complaint states a replevin claim.  Plaintiffs allege that Defendants are in possession of the Chagall, that Plaintiffs received title to the Chagall after their September 2017 purchase (as allegedly confirmed by the bankruptcy and criminal forfeiture proceedings), and that Defendants refused a demand to return the Chagall.  (*See* Compl. ¶¶ 3, 53–54.)  These allegations suffice to defeat Defendants' motion to dismiss.

---

[4] Plaintiffs point out that Defendants initially asserted that they had resold a separate Chowaiki painting to a collector, (Cr. Doc. 1 ¶ 19), but in fact retained possession of the painting and were able to return it to the true owner, (Doc. 19-43).

Defendants' arguments for dismissal are unavailing.  First, Defendants contend that Plaintiffs have not established the possession element of their replevin claim.  (Mem. at 11.)  I have already explained that because Defendants rely on information that may not be considered in resolving this motion to dismiss, this factual contention is irrelevant at this stage of the litigation.  *Supra* § IV.A.  Additionally, "New York allows a claim of replevin to lie even if the defendant is no longer in possession of the property in question and, moreover, even if the defendant initially acquired the property in good faith and for valuable consideration." *Chen*, 8 F. Supp. 3d at 456 (S.D.N.Y. 2014) (citations omitted); *accord In re Est. of McLaughlin*, 932 N.Y.S.2d 188, 188 (3d Dep't 2011); 23 N.Y. Jur. 2d Conversion, Etc. § 121 (2024 update) ("When property is wrongfully taken by a person, his or her actual or continued possession at the time of the commencement of the action is not essential to support an action against him or her on behalf of the party entitled to possession to recover it.").  In any case, Plaintiffs' complaint establishes possession, so Defendants' argument to the contrary fails.

Second, Defendants argue that Plaintiffs have not alleged that they have a "superior right" in the Chagall, *TAP*, 127 F. Supp. 3d at 211 (internal quotation marks omitted), because the prior Chowaiki proceedings did not adjudicate Defendants' rights in the painting, (Mem. at 11–14).  This appears to be correct.  The bankruptcy settlements purported to resolve the trustee and a separate entity's claims to the Chagall in Plaintiffs' favor; the settlements did not resolve Defendants' claims to the Chagall, if any.  (Bankr. Doc. 190-1 at 4, 10–12.)  Similarly, in the criminal forfeiture proceedings, the settlement resolved the competing claims of the United States, the trustee, and a separate entity in Plaintiffs' favor.  (Cr. Doc. 126 ¶ 3(a)–(b).)  However, since the Government never recovered the painting, the Chagall was not forfeited to it, and the final forfeiture order did not resolve Defendants' claims to the painting.  (Cr. Doc. 127 ("[T]he

8

Government is not seeking final forfeiture and all third-party interests have been accounted for.").) *Cf.* Fed. R. Crim. P. 32.2(c)(2) advisory committee notes to 2000 amendment ("[C]riminal forfeitures are *in personam* actions that are limited to the property interests of the [criminal] defendant."). In other words, these proceedings extinguished Chowaiki and his gallery's claims to the Chagall, but did not affect any claim Defendants may have to the painting.

The fact that the prior proceedings did not adjudicate Defendants' ownership interests in the Chagall is not dispositive of Plaintiffs' claim. In order to state a claim, Plaintiffs had to plausibly allege their "superior right" in the Chagall compared to Defendants. *TAP*, 127 F. Supp. 3d at 211 (internal quotation marks omitted). The complaint asserts that Plaintiffs acquired this superior right when they purchased the Chagall pursuant to a September 18, 2017 purchase agreement. (Compl. ¶¶ 17, 69–70.) This allegation is sufficient to withstand a motion to dismiss.

For the first time on reply, Defendants argue that if Plaintiffs seek damages for their replevin claim—which Plaintiffs describe in their opposition brief as an alternative argument, (*see* Opp'n at 16–17)—the claim is time-barred, (Reply at 5). I decline to consider this argument, as it was raised for the first time on reply. *See, e.g.*, *Roman Cath. Diocese of Rockville Ctr. v. Arrowood Indem. Co.*, No. 20-CV-11011, 2022 WL 558182, at *8 n.16 (S.D.N.Y. Feb. 23, 2022) (citing *Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993)). I note, however, that Defendants' citation to the statute of limitations for conversion is inapposite. (*See* Reply at 5.) Under New York law, "a judgment for possession in a replevin action generally includes an alternative award of a money judgment in the amount of the chattel's value at the time of trial." *John Paul Mitchell Sys. v. Quality King Distribs., Inc.*, 106 F. Supp. 2d 462, 478 (S.D.N.Y. 2000) (citing N.Y. C.P.L.R.

9

§ 7108(a) (McKinney 1998)). Thus, it is entirely appropriate for Plaintiffs to assert an action for replevin, and if Plaintiffs succeed on their claim but Defendants no longer possess the Chagall, Plaintiffs may alternatively obtain money damages. The three-year statute of limitations for a replevin action begins to run at the time the plaintiff makes a demand for Defendant to return the subject property. *Solomon R. Guggenheim Found. v. Lubell*, 550 N.Y.S.2d at 620.

Defendants motion to dismiss the replevin claim is DENIED.

### C. *Declaratory Judgment*

Plaintiffs also claim that they are entitled to a declaratory judgment that they own the Chagall. Defendants move to dismiss this claim, arguing that because they no longer claim title to the painting, a declaratory judgment would serve no purpose.

The Declaratory Judgment Act empowers federal courts to issue declaratory judgments. *See* 28 U.S.C. § 2201(a) (explaining that "any [federal] court . . . may declare the rights and other legal regulations of any interested party" that seeks a declaratory judgment). "The purpose of the Act is to enable parties to adjudicate claims before either side suffers great damages." *In re Combustible Equip. Assoc.*, 838 F.2d 35, 37 (2d Cir. 1988). To issue a declaratory judgment, there must be "a case of actual controversy" within the federal court's jurisdiction. *Id.*; *see also Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 715 (S.D.N.Y. 2007). If that requirement is satisfied, the court "may" exercise its discretion to issue a declaratory judgment, under 28 U.S.C. § 2201(a), considering "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005) (citation omitted).

I decline to exercise my discretion to issue a declaratory judgment here. As a preliminary matter, there is an actual controversy between Plaintiffs and Defendants, as Plaintiffs seek replevin of the Chagall. *See Dist. Att'y of New York Cnty. v. Republic of the Philippines*, 307 F. Supp. 3d 171, 197 (S.D.N.Y. 2018) (concluding at summary judgment that "lingering questions surrounding ownership of [certain] paintings preclude[d] any finding that the [plaintiff] lack[ed] standing to bring" a claim for replevin, among other claims). However, I find that a declaratory judgment would be redundant to the replevin claim, which requires Plaintiffs to prove that their rights in the Chagall are "superior" to Defendants'. *TAP*, 127 F. Supp. 3d at 211 (internal quotation marks omitted). Adjudication of the superior-rights element would thus "accomplish the purpose of a declaratory judgment by 'clarifying and settling the legal relations in issue' and 'affording relief from uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Piven v. Wolf Haldenstein Adler Freeman & Herz L.L.P.*, No. 08-CV-10578, 2010 WL 1257326, at *11 (S.D.N.Y. Mar. 12, 2010) (quoting *Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 597 (2d Cir. 1996), *abrogated on other grounds*, *Saleh v. Sulka Trading Ltd.*, 957 F.3d 348 (2d Cir. 2020)).

Plaintiffs argue that a declaratory judgment is necessary because it "will reaffirm Plaintiffs' rights with respect to the Painting that already have been established through the Bankruptcy and Criminal Proceedings," which Defendants have "refused to acknowledge." (Opp'n at 18.) However, Plaintiffs fail to explain why a replevin claim is insufficient to obtain the relief they seek such that a separate declaratory judgment would "serve a useful purpose." *Duane Reade*, 411 F.3d at 389 (citation omitted). Indeed, courts routinely decline to issue declaratory judgments when "the dispute may be resolved in a direct action for coercive relief." *Piven*, 2010 WL 1257326, at *11 (quoting *Am. Auto. Ins. Co. v. Advest, Inc.*, No. 08-CV-6488,

11

2009 WL 3490060, at *1 n.1 (S.D.N.Y. Oct. 28, 2009)). As Plaintiffs have "already invoked [their] right to a coercive remedy" by asserting a claim for replevin, Defendants' motion to dismiss the declaratory judgment claim is GRANTED. *SEC v. Credit Bancorp, Ltd.*, 738 F. Supp. 2d 376, 388 (S.D.N.Y. 2010).

### V.  Conclusion

For the foregoing reasons, it is hereby:

ORDERED that Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Defendants' motion to dismiss the claim for a declaratory judgment is GRANTED, and Defendants' motion to dismiss the claim for replevin is DENIED.

IT IS FURTHER ORDERED that, no later than thirty (30) days from the date of this Opinion & Order, Defendants shall file an answer or answers to the remaining claim in Plaintiffs' complaint.

The Clerk of Court is respectfully directed to terminate the pending motion at Doc. 13.

SO ORDERED.

Dated: January 10, 2025
       New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge