```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/10/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RH9 GROUP, LLC and
GRANDS CAPITAL NY, LLC

    *Plaintiffs*,

  -against-

ALON ZAKAIM FINE ART LIMITED and
THOMAS GIBSON FINE ART LIMITED

    *Defendants*.

Index No. 22-cv-09399 (VSB) (KHP)

**STIPULATION AND
PROTECTIVE ORDER**

  WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

  ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

  1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

  2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

  3. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

4. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

5. Any party who objects in good faith to any designation of confidentiality under this Order may at any time prior to the trial serve upon counsel for the designating party a written notice via e-mail stating with particularity the documents or information in question and the grounds of the objection. Upon written notification that a party disagrees with a designation of confidentiality, counsel will confer in a good-faith effort to resolve the dispute without Court intervention. If the dispute is not resolved within three (3) business days of the designating party's receipt of the objecting party's written notification, the objecting party may raise the dispute with

the Court. If a discovery dispute is raised under this paragraph, the Confidential Information subject to dispute shall be treated as Confidential (as designated) until the dispute is resolved.

6. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

7. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. With respect to deposition transcripts, a designating party may designate some or all of a witness's deposition testimony as Confidential for protection under this Order by advising the court reporter and counsel of record of the testimony containing the Confidential Information, either orally on the record at the deposition or in writing to all Parties within thirty (30) days after

receipt of the final deposition transcript. Until the conclusion of the 30-day designation period, all deposition transcripts and exhibits shall be treated as Confidential.

10. To the extent deposition transcripts or exhibits are designated as Confidential, the parties and the court reporter shall thereafter mark all copies of such transcripts, designated pages, or exhibits with the appropriate "CONFIDENTIAL" legend, and will note on the cover page of any such transcripts the following legend: "[This Deposition/Certain Designated Pages of this Deposition] are Confidential and Subject to a Protective Order."

11. Pursuant to Federal Rule of Evidence 502, the production or other disclosure of privileged or work product–protected documents or communications, electronically stored information ("ESI") or information ("Privileged Information"), whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

12. If a producing party becomes aware that it has produced or otherwise disclosed Privileged Information, the producing party will promptly notify each receiving party in writing of the inadvertent production. Within three (3) business days of receipt of such notice, each party who receives such notice shall return or destroy the disclosed Privileged Information and any copies, notes, or summaries of the disclosed Privileged Information, and provide a written certification of counsel that all such disclosed Privileged Information has been returned or destroyed.

13. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures with respect to filing under seal.

14. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

15. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

Dated: March 4, 2025                                Dated: March 4, 2025

      GROSSMAN LLP                                      ARTxLAW PLLC

By: _____                          By: /s/ Ronald W. Adelman
      Judd B. Grossman, Esq.                           John R. Cahill
      Webster D. McBride, Esq.                         Ronald W. Adelman
      745 Fifth Avenue – Fifth Floor                   8 N. Front Street
      New York, New York 10151                         Kingston, New York 12401
      Telephone: (646) 770-7445                        Telephone: (212) 719-4400
      jgrossman@grossmanllp.com                        john@artxlaw.com
      wmcbride@grossmanllp.com                         ron@artxlaw.com

*Attorneys for Plaintiffs*                          *Attorneys for Defendants*

SO ORDERED.

_Katharine H. Parker_
Katharine H. Parker, U.S.M.J.

Dated: March 10, 2025
New York, New York